IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Ricky and Beverly Mathis ) | |
| Nicole Short ) | |
| Pat Andrews ) | |
| Individually and on behalf ) | |
| of others similarly situated, ) | C.A. No. 7:08-1778-HMH |
| ) | |
| Plaintiffs, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Paul Michael Gibson ) | |
| aka Joe Gibson ) | |
| dba Joe Gibson Suzuki ) | |
| Joe Gibson Suzuki ) | |
| Joe Gibson Automotive ) | |
| Joe Gibson AutoWorld Inc. ) | |
| ) | |
| Citifinanical Auto ) | |
| M&T Credit Services LLC ) | |
| Drive Financial Services ) | |
| Marine Federal Credit Union ) | |
| John Doe Lender, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Plaintiffs' motion to remand. For the reasons set forth below, the court remands this action to state court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 1, 2008, the Plaintiffs filed the instant action against the Defendants in the Court of Common Pleas for the Seventh Judicial Circuit, Spartanburg County, South Carolina. The complaint states the following claims, all of which arise pursuant to state law: fraud; negligence and negligent misrepresentation; violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"); quantum meruit; violation of the South Carolina Consumer

Protection Code, South Carolina Code Ann. § 37-2-301; conspiracy; and violation of South Carolina Code Ann. § 56-15-10 et seq. The Plaintiffs allege that the Defendants engaged in deceptive advertising in order to induce them to purchase new Suzuki automobiles at inflated prices and misrepresented the financing charges related to the purchase of the vehicle. (Compl., generally.) The Plaintiffs further allege a putative class action on behalf of all others similarly situated.

On May 2, 2008, the Defendants removed this action to federal court pursuant to 28 U.S.C. §§ 1331 and 1441 on the ground that the action involves a federal question. The Plaintiffs filed a motion to remand on May 6, 2008. CitiFinancial Auto filed a memorandum in opposition to the motion to remand on May 27, 2008. The same day, Marine Federal Credit Union filed a memorandum in opposition to the motion to remand. Drive Financial Services filed a memorandum in opposition on May 30, 2008.

## II. DISCUSSION OF LAW

The Defendants were entitled to remove the instant case if the State could have brought it in federal district court originally pursuant to 28 U.S.C. § 1441(a), as a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). The Defendants assert that federal jurisdiction exists because the complaint raises federal questions.

"For the Court to have jurisdiction under § 1331, it must be clear from the face of a well-pleaded complaint that there is a federal question; the federal issue must exist as part of the plaintiff's cause of action." Discover Bank v. Vaden, 489 F.3d 594, 609 (4th Cir. 2007). "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312

(2005).  "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Id. at 314.  "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one . . . ."  Id.  at 313.

> [I]n the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two things: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial.  If either of these two elements is lacking, removal is improper and the case should be remanded to state court.

Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004).

The Defendants allege that the Plaintiffs' complaint raises several federal issues.  First, the Defendants allege that paragraph 11 of the complaint raises a federal issue because it provides that the lender defendants are liable for claims against a dealer as mandated by federal regulation, 16 C.F.R. § 433.2.  (Compl. ¶ 11.)  Further, in paragraph 136, the complaint alleges that the "failure to comply with the various federal truth in lending disclosures" is a violation of SCUTPA.  (Id. ¶ 136.)  Finally, in paragraphs 144 to 146, the complaint alleges that the Plaintiffs are entitled to relief under S.C. Code Ann. § 37-2-301 for failure to comply with the federal truth in lending act ("TILA"), 15 U.S.C. § 1601 et seq.  (Id. ¶¶ 144-46.)

According to the complaint, the Defendants engaged in deceptive advertising and sales tactics to sell Suzuki automobiles at inflated prices.  (Id., generally.)  The court has reviewed the complaint and finds that it does not allege a substantial contested federal issue.  Paragraph 11 states

> These various lenders are holders of various [Retail Installment Sales Contracts ("RISC")]. The RISCs, on their face, do not reflect the terms as represented and as advertised by Dealer. As holders of the RISCs, these lenders are liable for all claims and defenses as against the Dealer. This statement is contained in the language of the RISC or as mandated by federal law (16 CFR 433.2). Upon information and belief, with the exception of Citifinancial Auto, these lenders were not involved in the allegations relating to the $47 per month (or other media advertising) set out below, but they hold the RISC and as such are liable for the conduct of the Dealer, and the imposition of the GAP insurance.

(Id. ¶ 11.) Reference to 16 CFR 433.2 in paragraph 11 of the complaint, which embodies the Federal Trade Commission ("FTC") Holder Rule, does not create any substantial federal issue. "[T]he FTC Holder Rule does not create a federal private right of action." Glovier v. Barton Homes, LLC, 452 F. Supp. 2d 657, 659 (W.D. La. 2006). The United States Supreme Court noted in Merrell Dow Pharmaceuticals, Inc. v. Thompson, that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" 478 U.S. 804, 817 (1986). Therefore, the Plaintiffs' reference in their complaint to 16 C.F.R. § 433.2, the FTC Holder rule, does not confer federal question jurisdiction in this action.

The "Plaintiffs in this case merely attempt to assert 'claims' within the meaning of the notice against the holder of what they allege is a consumer credit contract. Those 'claims' all arise under [South Carolina] law." Glovier, 452 F. Supp. 2d at 659. "Federal law merely ensures that those claims are not eliminated by the original holder's assignment of the consumer credit contract to a person who would otherwise be a holder in due course and not subject to any claims or defenses that the consumer might have with respect to the original holder." Id. at 659-

60. The Plaintiffs are alleging that pursuant to the RISC, the lender defendants are liable for the actions of the dealer.

> [T]he court does not have federal question jurisdiction based on the assertion of state law claims, as permitted by the FTC Holder Rule, against a subsequent holder. The possibility or even likelihood that a state court would have to interpret or apply some federal law during the contest does not convert the state law claims to federal ones or otherwise support federal question jurisdiction.

Id. at 660.

In addition, the Plaintiffs' "[SC]UTPA claim is not premised on Defendants' violation of federal law. Rather, Defendants['] violation of federal law is just one of the examples of Defendants' unfair and deceptive acts set forth in the Complaint." Mickalis Pawn Shop, LLC v. Bloomberg, 482 F. Supp. 2d 707, 712 (D.S.C. 2007). "To prove Defendants are liable under the [SC]UTPA, Plaintiffs need only establish Defendants 'engaged in unfair or deceptive practices in the conduct of any trade or commerce' in violation of S.C. Code Ann. § 39-5-20. . . ." Id. In the instant complaint, the Plaintiffs further allege that the Defendants' false advertising violated SCUTPA. The "Plaintiffs do not need to prove any of the Defendants violated federal law in order to recover under the SCUTPA. Plaintiffs need only prove Defendants engaged in an unfair or deceptive act in the conduct of trade or commerce." Id.

Further, although the Plaintiffs' South Carolina Consumer Protection Code claim alleging that the Defendants failed to comply with the TILA raises a federal issue, it does not create a substantial federal issue in this case. At the core of this action is the Plaintiffs' claim that the Defendants' engaged in deceptive trade practices and sales tactics to sell Suzuki automobiles at inflated prices, not the Defendants' failure to comply with TILA. "Further, even if such substantial issues of federal law did exist, the exercise of federal jurisdiction in this case

would result in a significant transfer of state law claims to federal courts, thereby disrupting the balance of federal and state judicial responsibilities." <u>Coleman v. Beazer Homes Corp.</u>, Civil Action No. 3:07cv312, 2008 WL 1848653, at *6 (W.D.N.C. Apr. 23, 2008).

Therefore, it is

**ORDERED** that the Plaintiffs' motion to remand, docket number 5, is granted.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
June 3, 2008